## UNITED STATES v. FULLER.

Filed January 30, 1886.

CRIMINAL LAW—LARCENY—INFAMOUS CRIME—INFORMATION.

The crime of larceny is an infamous one, for which a person cannot be prosecuted merely upon an information.

*Thomas Smith,* U. S. Atty., for appellee.

*J. Morris Young* and *Catron, Thornton & Clancy,* for appellant.

LONG, C. J.   This cause is here on appeal from Dona Ana county. In the district court for the Third judicial district, sitting in said county, the United States attorney, on the seventeenth day of March, A. D. 1885, filed a criminal information charging therein by proper legal allegations that the appellant, June L. Fuller, on the ninth day of October, 1884, had committed the crime of larceny, in the manner and form in said information stated.   The defendant in the court below appeared to said cause, and moved to quash the information, which was overruled, and to the action of the court therein he excepted.   An issue was made upon the allegations of the information, and upon this issue the defendant was tried, found guilty, and sentenced to imprisonment in the southern Illinois penitentiary for a term of three years.   From the proceedings below defendant appeals. He assigns for error the action of the court in denying his motion to quash the information, and in support thereof contends that the crime with which he was charged was one which authorized the court upon a finding of guilty to assess an infamous punishment, and therefore that the offense charged against him could be prosecuted only by indictment, and not by information.   The objection thus made was properly saved in the record, so it is before this court for determination.   We believe the position assumed by appellant to be correct; that the crime charged is an infamous one, which cannot be prosecuted by information.   The principle contended for by appellant is clearly settled in the case of *Ex parte Wilson,* 114 U. S. 417; S. C. 5 Sup. Ct. Rep. 935.   The crime charged cannot be prosecuted by information.   The motion to quash should have been sustained.

The judgment of the court below is reversed, with instructions to that court to sustain the motion to quash the information, and the cause remanded for further proceedings.

HENDERSON and BRINKER, JJ., concur.